HARTNELL (UNITED STATES v.). See Case No. 15,317.

---

## Case No. 6,164.

### In re HARTOUGH.

[3 N. B. R. 422 (Quarto, 107).] [1]

District Court, S. D. New York. Jan. 7, 1870.

#### BANKRUPTCY—COPARTNERSHIP.

A copartnership existing between H. and R. was terminated by R. assigning and transferring all his interest as copartner to a third party. H. subsequently filed petition that the firm, and each of its members, be adjudged bankrupt. *Held*, the prayer of the petition must be denied as to the firm and as to R., inasmuch as the case is not within the provisions of section 36 of the act [of 1867 (14 Stat. 534)], and H. and R. were not copartners, and no property of the said copartnership, as such, existed, at the time said petition was filed. Order of adjudication entered as to H.

[Cited in Hunt v. Pooke, Case No. 6,896; Re Redmond, Id. 11,632; Hopkins v. Carpenter, Id. 6,686.]

[In the matter of the petition of Peter C. Hartough for an adjudication of bankruptcy against himself and James C. Hayden and William Reed, trading as P. C. Hartough & Co.]

J. A. Welch, for P. C. Hartough.

Marsh, Coe & Wallis, for Hayden.

Barney, Butler & Parsons, for William Reed.

BLATCHFORD, District Judge. On the facts proved in this case, it is established that James C. Hayden never was a copartner with Peter C. Hartough and William Reed. The copartnership which was formed between Hartough and Reed on the 1st of June, 1867, continued until the 9th of November, 1868, and no longer, and was dissolved on that day, by the instrument of assignment executed on that day by Reed to Samuel H. Reed. Inasmuch as that instrument assigned and transferred to Samuel H. Reed all the right, interest, property and claim of William Reed in and to the partnership and business of the firm, and in and to all property owned and held by William Reed as tenant in common with Hartough or as partner in the firm, there ceased at that time to be any joint stock or property of Hartough and William Reed as partners in trade, or of the firm as composed of those persons as partners in trade. The case is, therefore, not one within

---

[1] [Reprinted by permission.]

the provisions of section 36 of the bankruptcy act, because Hartough and William Reed were not partners in trade when the petition of Hartough was filed, on the 4th of May, 1869, and because there was not then any joint stock or property of the copartnership which existed down to the 9th of November, 1868, composed of Hartough and William Reed; that is, joint stock or property belonging to such two persons as having been partners in such copartnership. Aside from the provisions of section 36, it is not claimed that William Reed can be adjudged a bankrupt on this petition of Hartough. He does not himself petition to be so adjudged. On the contrary, he resists the granting of the prayer of the petition of Hartough, which is that Hartough and William Reed and Hayden may each of them be adjudged by a decree of the court to be a bankrupt, and that the firm of P. C. Hartough & Co., composed of such three persons, may be so adjudged. The prayer of the petition is denied as to Hayden and William Reed, and an order of adjudication will be entered as to Hartough.